UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DWAINE J. CHAPMAN, SR.*, Pro Se*, | ) | Case No.: 1:22 CV 15 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| MANSFIELD MUNICIPAL COURT, | ) | |
| *et al.,* | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants | ) | AND ORDER |

*Pro Se* Plaintiff Dwaine J. Chapman, Sr., incarcerated in the Richland County Jail, has filed a civil rights Complaint against the Mansfield Municipal Court and Mansfield Municipal Court Judge Frank Ardis, Jr. (Doc. No. 1.)

His Complaint is not clear and difficult to parse, but he contends Mansfield Police used excessive force against him and his son on October 13, 2020, and that his federal civil rights were violated in multiple ways in subsequent criminal cases brought against him in Mansfield Municipal Court. He seeks $9,999,999.99 in damages. (*See* Doc. No. 1-1.)

Federal district courts are expressly required, under 28 U.S.C. § 1915A, to screen any action in which a prisoner seeks redress from "a governmental entity or officer or employee of a governmental entity," and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief

from defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Upon review, the Court finds that Plaintiff's Complaint must be dismissed.

First, both of the Defendants Plaintiff sues are immune from his damages suit. The Sixth Circuit has held that Ohio county and municipal courts are arms of the state and immune from suit under the Eleventh Amendment. *Ward v. City of Norwalk*, 640 Fed. Appx. 462 (6th Cir. 2016). Therefore, the Mansfield Municipal Court is entitled to sovereign immunity.

Mansfield Municipal Court Judge Ardis also is immune. Judges generally are absolutely immune from civil suits for money damages. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell,* 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes,* 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he presides. *Mireles*, 502 U.S. at 11-12; *Barnes,* 105 F.3d 1111 at 1116 (6th Cir. 1997). A judge will be not deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Neither exception to judicial immunity applies here, and Plaintiff's Complaint against Judge Ardis clearly pertains to actions or rulings the Judge made or took in his judicial capacity in cases over which he presided in Mansfield Municipal Court. He is absolutely immune from Plaintiff's damages suit. *See Holt v. Bedford Municipal Court*, No. No. 1: 18 CV 2996, 2019 WL 1300330,

at *2–3 (N.D. Ohio Mar. 21, 2019) (finding Municipal Court judge immune).

Further, Plaintiff's Complaint fails to allege a federal civil rights claim cognizable under 42 U.S.C. § 1983 in any case. The Supreme Court has held that claims which challenge the validity of a state criminal conviction or sentence are not cognizable under § 1983 unless the plaintiff shows that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff's claims purport to challenge the validity of state convictions, but he has not shown that any such conviction has been reversed, overturned, or called into questioned in any of the ways articulated in *Heck*. His complaint therefore fails to state a plausible civil rights claim and is subject to dismissal for this reason as well. *See, e.g., Woods v. State of Ohio*, 8 Fed. Appx. 506, 507 (6th Cir. 2001) (affirming sua sponte dismissal of prisoner complaint in which prisoner asserted "a direct attack on the methods used to convict him" because he did not show that his conviction has been reversed, expunged, declared invalid, or otherwise called into question as stated in *Heck)*; *Wheat v. Ohio*, 23 Fed. Appx. 441, 443 (6th Cir. 2001) (affirming dismissal of § 1983 prisoner complaint where prisoner's claims were "essentially a collateral attack" upon his state criminal convictions and he did not contend his convictions had been reversed, overturned, or questioned by either an Ohio state court or federal habeas corpus).

**Conclusion**

Accordingly, for the foregoing reasons, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from

3

this decision could not be taken in good faith. In light of this dismissal under § 1915A, Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is denied as moot.

    IT IS SO ORDERED.

                                                */s/ SOLOMON OLIVER, JR.*
                                                UNITED STATES DISTRICT JUDGE

March 18, 2022